ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Feb-01 12:06:00
60CV-19-638
C06D17 : 21 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION
CIVIL DIVISION

MOZELLA PRICE, INDIVIDUALLY AND
AS ADMINISTRATRIX OF THE ESTATE
OF TRILLUS SMITH, DECEASED, AND,
ITS BENEFICIARIES; TRYTEN TILLMAN,
INDIVIDUALLY; TRANNETTA LEMAY;
INDIVIDUALLY; TREYLON LEMAY, A
MINOR, INDIVIDUALLY, BY AND THROUGH
HIS MOTHER AND GUARDIAN, MOZELLA PRICE          PLAINTIFFS

VS.                  _____

CHARLES "DOC"  HOLLADAY, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF
PULASKI COUNTY, ARKANSAS, AND/OR HIS
SUCCESSOR; PULASKI COUNTY, ARKANSAS,
A PUBLIC BODY CORPORATE; MAJOR MATTHEW
BRIGGS, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS AN OFFICER OF PULASKI COUNTY,
ARKANSAS; CAPTAIN TONI ROSE,  INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS AN OFFICER
OF PULASKI COUNTY, ARKANSAS;  LT.  FIRST NAME
UNKNOWN ROUTH,  INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS OFFICER OF  PULASKI
COUNTY, ARKANSAS SHERIFF'S OFFICE; LT.
VANORRIS SIMS, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY AS AN OFFICER
OF PULASKI COUNTY SHERIFF'S OFFICE;  SGT.

EXHIBIT
1

KAREN KNUDSEN, INDIVIDUALLY AND AS AN
OFFICER OF THE PULASKI COUNTY, ARKANSAS,
SHERIFF'S OFFICE; DEPUTY CHURCH; DEPUTY
V. CLARK, INDIVIDUALLY AND AS AN OFFICER
PULASKI COUNTY, ARKANSAS' SHERIFF'S OFFICE;
TURN KEY HEALTH CLINICS, LLC; DOCTOR
THOMPSON, INDIVIDUALLY AND AS AN EMPLOYEE
OF TURN KEY HEALTH CLINICS AND/OR THE
PULASKI COUNTY JAIL; NURSE LINDA McGRAW,
INDIVIDUALLY AND/OR AS AN EMPLOYEE OF
TURN KEY HEALTH CLINICS AND/OR THE PULASKI
COUNTY JAIL;  NURSE QUELINDA TILLMAN, LPN,
INDIVIDUALLY AND AS AN EMPLOYEE OF TURN
KEY HEALTH CLINICS AND/OR THE PULASKI
COUNTY JAIL;  NURSE FIRST NAME UNKNOWN
HUMPHREY, INDIVIDUALLY AND/OR AS AN EMPLOYEE
OF TURN KEY HEALTH CLINICS AND/OR TH E
PULASKI COUNTY JAIL; NURSE FIRST NAME
UNKNOWN ADAMS, INDIVIDUALLY AND IN HER
CAPACITY AS AN EMPLOYEE OF TURN KEY
HEALTH CLINICS AND OR THE PULASKI COUNTY
JAIL; AND NURSE FIRST NAME UNKNOWN  HALEY,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS
NURSE FOR TURN KEY HEALTH CLINICS, LLC, AND/OR
THE PULASKI COUNTY JAIL; JOHN DOE 1, INDIVIDUALLY
AND AS EMPLOYEE OF TURN KEY HEALTH CLINICS
AND OR THE PULASKI COUNTY JAIL; JOHN DOE 2,
INDIVIDUALLY AND AS EMPLOYEE OF TURN KEY
HEALTH CLINICS AND OR THE PULASKI COUNTY JAIL;
AND, JOHN DOE 3, INDIVIDUALLY AND AS EMPLOYEE
OF TURN KEY HEALTH CLINICS AND OR THE
PULASKI COUNTY JAIL                                    DEFENDANTS


## COMPLAINT


Now comes the Plaintiffs, Mozella Price, individually and in her official

capacity as Administratrix of the Estate of Trillus Smith, Deceased, on behalf of

Trillus Smith's Estate, herself, individually, and the beneficiaries of Trillus Smith, deceased; Tryten Tillman, individually and as the brother of Trillus Smit; Trannetta Lemay, individually and as the sister of Trillus Smith, Treylon Lemay, a minor, by and through his Mother and Guardian, Mozella Price, individually and as the brother of Trillus Smith, all of whom come forth by and through their Attorney, Simmons S. Smith, and, for their Complaint against the Defendants, Charles "Doc" Holladay, Individually and in his Official Capacity as the Sheriff of Pulaski County, Arkansas, and any successor as Sheriff of Pulaski County, Arkansas, to the Defendant, Charles "Doc" Holladay; Pulaski County, Arkansas, a Public Body Corporate and Politic; Captain Rose, Individually and in his capacity as an officer of the Pulaski County Sheriff's Department; Lt. Routh, Individually and in his capacity as an Officer of the Pulaski County Sheriff's Department; Lt. Sims, Individually and in his capacity as an Officer of the Pulaski County Sheriff's Department; Turnkey Health Clinics, LLC, a Limited Liability Corporation; Nurse McGraw, LPN, Individually and in her capacity as an employee for Turnkey Health Clinics, LLC; Nurse Tillman, LPN, Individually and in her capacity as an employee for Turnkey Health Clinics, LLC, John or Jane Doe 1, employee for Turnkey Health Clinics, LLC, who devised and/or promulgates the rules and regulation for medical care to be given to the inmates and detainees of the Pulaski County Jail; John or Jane Doe 2, employee for the Pulaski County Jail, who

devised and/or promulgates the rules and regulation for medical care to be given to the inmates and detainees of the Pulaski County Jail; and, John or Jane Doe 3, employees for Turnkey Health Clinics, LLC, and/or the Pulaski County Jail who approved the Contract and Agreement without adequate and constitutionally approved Rules and Regulations for physical and/or mental care to be given to the inmates and detainees of the Pulaski County Jail, states as follows:

1.      That the Decedent, Trillus Smith, was an individual who resided in Pulaski County, Arkansas; was arrested in Pulaski County, Arkansas; was detained in the Pulaski County Jail/Detention Center; and, resided in the Pulaski County Jail/Detention Center until her untimely death was pronounced on February 15, 2017; venue is proper pursuant to Arkansas Code Annotated Sections 16-60-112 and 16-55-213.

2.      That the Plaintiff, Mozella Price, Individually, is a resident of Pulaski County, Arkansas; was a resident of Pulaski County, Arkansas, at all times relevant to this Complaint; and, was the Mother of Trillus Smith, the person who died in the care and custody of the Pulaski County Jail and Detention Center located in Pulaski County, Arkansas.

3.      That the Plaintiff, Mozella Price, in her Official Capacity is the Appointed Personal Representative and Administratrix of the Estate of the Estate of Trillus Smith, Deceased, having been so appointed and accepting of the position

on January 28, 2019, by the Thirteenth (13th) Division of the Pulaski County Circuit Court, Little Rock, Arkansas, in case number 60PR-18-2618, and, whose Letters of Administration were issued on January 31, 2019.

4.      That the Plaintiff, Tryten Tillman, Individually, is the brother of Trillus Smith, Deceased, and, is a resident of Pulaski County, Arkansas, and, was a resident of Pulaski County, Arkansas, at all times relevant to this Complaint.

5.      That the Plaintiff, Trannetta Lemay, Individually, is the sister of Trillus Smith, Deceased, and, is a resident of Pulaski County, Arkansas, and, was a resident of Pulaski County, Arkansas, at all times relevant to this Complaint.

6.      That the Plaintiff, Treylon Lemay, a minor, Individually, who proceeds in this action by and through his Mother and Guardian, Mozella Price, is the brotherof Trillus Smith, Deceased, and, is a resident of Pulaski County, Arkansas, and, was a resident of Pulaski County, Arkansas, at all times relevant to this Complaint.

7.      That the Defendant, Doc Holladay, is an individual who worked at the Pulaski County Sheriff's Department, was elected Sheriff of the Pulaski County Sheriff's Department in Pulaski County, Arkansas, at the time of the death of Trillus Smith, was responsible for the operation of the Pulaski County Jail at the time of the death of Trillus Smith, deceased, and, is and/or was a resident of Pulaski County, Arkansas, at all times relevant to the filing of this Complaint.

8.     That Pulaski County, Arkansas, is a governmental public body corporate created by the General Assembly for the State of Arkansas pursuant to Ark. Code Ann. Section 14-14-501, and, operates in conjunction with the Pulaski County Sheriff's Department covers numerous duties and obligations for the general public who reside in, work in, and/or carry on other actions and activities for all those persons and/or entities who are in the legal boundaries of Pulaski County, Arkansas, performing and including, but not limited to, the operation of a jail facility and/or detention unit located on Roosevelt Road in Pulaski County, Arkansas.

9.     That the Defendants, Captain Rose, Lt. Routh, Lt. Sims, Sgt. Knudsen, Deputy Church, and, Deputy V. Clark are individuals who in their official capacity worked/work as employees of Pulaski County Sheriff's Department, and, is and/or was an employee of the  Pulaski County Sheriff's Department at all times relevant to this Complaint.

10.     That the Defendant, Lieutenant Routh, in an individual who in their official capacity worked as an employee of  Pulaski County Sheriff's Department, and, is and/or was an employee of the  Pulaski County Sheriff's Department at all times relevant to this Complaint.

11.     That the Defendant, Lieutenant Sims, is an individual who worked at the Pulaski County Sheriff's Department, and, and was physically in the legal

boundaries of Pulaski County, Arkansas, at all times relevant to the filing of this Complaint.

12.     That the Defendant, Turn Key Health Clinics, LLC, is a limited liability corporation doing business in the State of Arkansas in one capacity as Turn Key Health Clinics, and, in that capacity, inter alia, provided medical services at the Pulaski County Sheriff's Department through an Agreement for services with Pulaski County, Arkansas, Sheriff Charles "Doc" Holladay, and, Turn Key Health Clinics, LLC.

13.     That the Defendants, Pulaski County, Arkansas, Doc Holladay, in his official capacity, Pulaski County, Arkansas, and, Turn Key Health Clinics, Inc., LLC, had, at all times relevant to this Complaint, an Agreement and/or Contract to provide for medical services to the inmates and/or other detainees of the Pulaski County Sheriff's Department.

14.     That the Defendant, Doctor Thompson, is an individual who worked at the Pulaski County Sheriff's Department, and, provided medical services to the Pulaski County Sheriff's Department's inmate, Trillus Smith.

15.     That the Defendants, Nurse Linda McGraw, Nurse Tilman, Nurse Humphrey, Nurse Adams, and, Nurse Haley, are individuals who worked at the Pulaski County Sheriff's Department, and, provided medical services to the Pulaski County Sheriff's Department's inmate, Trillus Smith.

16.     That upon information and belief, the Defendant, Major Matthew Briggs is in charge of the operation of the Pulaski County Jail and/or Detention Center on a daily basis.

17.     That Trillus Smith was a living human being who resided in Pulaski County, Arkansas, as all time relevant to this Complaint.

18.     That this Court has jurisdiction of the parties and the subject matter of this action; that this action arises under the common law of the State of Arkansas; the Arkansas Medical Negligence Act or malpractice, namely Arkansas Code Annotated Section 16-114-201, et. seq.; the Arkansas Survival of Actions Act, namely Arkansas Code Annotated Section 16-62-10; the Arkansas Wrongful Death Act, namely Arkansas Code Annotated Section 16-62-102; any other applicable laws for medical negligence, ordinary negligence, neglect of an endangered or impaired adult, breach of fiduciary duty, wrongful death, 42 U. S. C. 1983 and applicable Arkansas State laws.

19.     That Trillus Smith was a living human being whose life ended at the Pulaski County Sheriff's Department and/or Detention Facility/jail located on Roosevelt Road in Pulaski County, Arkansas.

20.     That the only individuals who had access to the now deceased, Trillus Smith, on the days of February 5, 2018, February 6, 2017, February 8, 2017, February 12, 2017, February 14, 2017, and February 15, 2017, were employees,

agents, and/or servants of Doc Holliday in his official capacity as Sheriff of
Pulaski County, Arkansas, and/or Turn Key Health Clinics, LLC.

21.    That the Deceased, Trillus Smith, upon information and belief, only
had contact with inmates and/or other law enforcement personnel during her
incarceration in February, 2017, and, other than the employees, agents, and/or
servants of Doc Holliday in his official capacity as Sheriff of Pulaski County,
Arkansas, and/or Turn Key Health Clinics, LLC, but that contact with the
individuals other than  aforementioned employees, agents, and/or servants of Doc
Holliday in his official capacity as Sheriff of Pulaski County, Arkansas, and/or
Turn Key Health Clinics, LLC employees, agents, and/or servants of Doc Holliday
in his official capacity as Sheriff of Pulaski County, Arkansas, Pulaski County,
Arkansas, and/or Turn Key Health Clinics, LLC and/or any other persons in
Paragraph Nineteen (19)  would have been under the care, supervision, permission
and/or control of the Pulaski County Sheriff's office, Pulaski  County, Arkansas,
and/or Turn Key Health Clinics, Inc.

22.    That on February 5, 2017, Deputy Moton was cleaning trash out of
cell C-103; the Deceased, Trillus Smith, allegedly disobeyed a order of Deputy
Moton for the Deceased, Trillus Smith, to remain in the cell; that Deputy Moton
physically touched the Deceased, Trillus Smith; that Deputy Moton and Deputy
Church used their "bodyweight to take her to the floor";  that Trillus Smith was

also sprayed with Oleoresin Capsicum; Deputies, Sergeant Thomisee, Deputy Stephen Gleason, Deputy Sharalene   Pruitt, and Deputy Brad Quattlebaum physically touched the Plaintiff, Trillus Smith, in an attempt to subdue the Deceased, Trillus Smith; that the Deceased, Trillus Smith's, right wrist" was placed behind her back and secured by handcuffs; that Deputy Sharalen Pruitt used her "lower body weight to keep the Deceased, Trillus Smith, on the floor; that Deputy Brad Quattlebaum retrieved shackles from the Unit bathroom and gave them to Deputy Scott Thomisee who put shackles on the Trillus Smith's ankles; that became combative by swinging her body and refusing to walk any further; that the staff pushed Trillus Smith forward causing her to fall on the floor; that the employees of the Defendants continued to hold her hands and her body was wedged in the cell's doorway; that the Deceased, Trillus Smith, was pushed into her cell and left; that Deputy Moton was "decontaminated by medical"; that the Deceased, Trillus Smith, was never "decontaminated" after Deputy Moton was "decontaminated by medical" on February 5, 2017; that Deceased, Trillus Smith, was evaluated by medical, cleared and forced to remain in the unit without more intensive medical care.

23.    That not one of the Defendants in this case made a decision to carry the Deceased, Trillus Smith, to the Arkansas State Hospital and/or any other

medical facility for physical care and more intensive mental and/or physical health treatment.

24.     That medical nurses Bahan, Stowe, Abbott, Walker, Humphrey, Bazzell and Medical Technician Scott Thomisee who assisted with the Deceased, Trillus Smith, did not make a decision and/or make a request to any of the Defendants named as Defendants in this lawsuit to carry the Deceased, Trillus Smith, to the Arkansas State Hospital and/or any other medical facility for physical care and more intensive mental and/or physical health treatment.

25.     That none of the Defendants listed as Defendants in this case carried the Deceased, Trillus Smith, to the Arkansas State Hospital and/or any medical facility for physical care and more intensive mental and/or physical health treatment on February 5, 2017.

26.     That at 6:40 a. m., on February 7, 2018, Officer Victoria Brooks, Deputies Clark, Robinson, and Word noticed a small amount of water on the Decedent, Trillus Smith; Officer Alyson Ward witnessed blood from the door and window in Trillus Smith's cell; that the Decedent, Trillus Smith, was ordered to sit on her bunk and Trillus Smith complied; that water was mopped up in Trillus Smith's cell; that while Officer Victoria Brooks was leaving, Trillus Smith ran toward the door and Officer Victoria Brooks "smashed" Trillus Smith's finger in the cell door; that Trillus Smith's finger was bleeding; that Nurse McCraw, Officer

Dedra Hoof, Officer Victoria Brooks, Officer Ashley Jones, Officer Alyson Ward, Officer Anthony Jenkins; Officer Felecia Robinson; Officer Valerie Luckadue; Officer Evora Clark; Officer Joshua Wade ; Sergeant Sanders were called; that Officer Victoria Brooks observed the Deceased Trillus Smith fall to the floor and place her leg out of the door to prevent the door from being closed and to prevent anyone from entering her cell; that Sergeants Hoof and Seargeants Luckadue, Dputy Jones and Office Misty Sanders pulled Trillus Smith back into the cell; Officer Misty Sanders was holding the middle of the handcuffs and with her right hand was guiding Trillus Smith to the door; that Trillus Smith then attempted to pull Officer Misty Sanders hand towards Trillus Smith's mouth in an attempt to bite Officer Sanders right hand; Officer Misty Sanders with an open firm hand she pushed Trillus Sanders had all the way back until she was lying on her back; shiel still maintain control of her hands by the handcuffs; Sergeant Hoof and Luckadue had Trillus Smith's kicking her feet and yelling; Trillus Smith was given an Order to stop kicking and stand up, but Trillus Smith would not comply; Sergeant Hoof gave Trillus Smith a burst of oleoresin capsicum spray to the facial area; that the deceased Trillus Smith fell to the floor to keep the handcuffs from being taken off of her; that Trillus Smith started twisting and flopping on he floor and refused to stand; that Trillus Smith talked about getting burned up at Baptist Hospital; that Trillus Smith attempted to bite Sergeant Sanders; that Officer Victoria Brooks

and/or Sergeant Hoof and/or both spayed Trillus Smith with a burst of oleoresin capsicum spray; that Felecia Robinson removed the hand cuffs from Trillus Smth; that Trillus Smith was walked out of her cell; that Trillus Smith was being decontaminated; that Officer Ashley Jones held Trillus Smith's head and shoulders while being decontaminated; that Trillus Smith continued to fight and resist the decontamination process;   that Trillus Smith was spitting on herself; that while Trillus Smith was being treated by medical staff, Trillus Smith continued talking about being burned up in her cell and at Baptist Hospital; that medical personnel of the Pulaski County Sheriff's Department and Turn-Key evaluated Trillus Smith and cleared her to return to her cell; that while being returned to her cell, Trillus Smith put her hand on the floor blocking the door from being closed; Officer Felecia Robinson removed the handcuffs from Trillus Sanders; Sergeant Sanders, Sergeant Luckadue and Officer Victoria Brooks pushed Trillus Smith to the back of the cell in full restraints; and left Trillus Smith in the cell without further medical treatment on February 7, 2017.

27.    That medical nurse, McCraw nor Sergeant Sanders who assisted with the Deceased, Trillus Smith, on February 7, 2017, did not make a decision and/or make a request to any of the Defendants named as Defendants in this lawsuit to carry the Deceased, Trillus Smith, to the Arkansas State Hospital and/or any other

medical facility for physical care and more intensive mental and/or physical health treatment.

28.     That on February 8, 2017, Deputy Slater was instructed to report to C-Unit; Trillus Smith refused to come out of her cell for her one hour break; Trillus Smith was at that point on her "fourth" (4th) refusal; Trillus Smith was ordered to come to the food port several times to have her handcuffs applied which Trillus Smith refused to do; Sergeant Karen Knudsen and others entered Trillus Smith's cell; Trillus Smith was carried off of the bed by her arms and legs by jail officers; Trillus Smith refused to stand after being ordered to stand several times; Sergeant Knudsen ordered Officer Casandra Nichols to spray Trillus Smith with oleoresin capsicum stray in Trillus Smith's facial area; Trillus Smith would not stand still; the decision was made to carry Trillus Smith out of her cell and to the lower back sub-bay for a shower; Trillus Smith would not sit on the stool but continued to slide down off of the stool; that the decision was then made to leave Trillus Smith sitting on the floor; Sergeant Knudsen attempted to handcuff Trillus Smith through the food trap but Trillus Smith refused several verbal direct orders; Sergeant Knudsen instructed Deputy S. Watkins to pen the door; Deputy Slater, went inside the cell and removed Trillus Smith from the bed by picking her up; that Trillus Smith refused to walk and kept sitting on the floor; Deputy Casandra Nichols held Trillus Smith's head to keep her from falling over; Deputy Casandra Nichols

sprayed a one or two second burst of oleoresin capsicum to Trillus Smith's facial area; Trillus Smith was placed in handcuffs and assisted to the lower back sub bay to a table to be assessed by medical; Deputy J. Watkins, Slater, Nichols and Samoan Watkins Trillus Smith to the lower back sub bay; medical personnel assessed Trillus Smith; decontaminated her; Trillus Smith was carried in the shower mostly naked; Trillus Smith was laid in the floor of the shower to be washed; soap was applied to her body; Deputy Slater turned on the shower to rinse Trillus Smith off while Trillus Smith was laying, without moving, in the shower floor; Trillus Smith was removed from the shower floor in the same manner as she was carried and laid on the floor of the jail's shower for inmates;   Trillus Smith was then placed in a suicide blanket and then carried her back to cell C-103 by Deputies J. Watkins, Samoan Watkins, and Slater holding her upper body while Lieutenant Calvin and Sergeant Knudsen carrying her legs.  Trillus Smith was laid on the floor of her cell; Casandra Nichals removed the left handcuff; Deputy J. Watkins removed the right handcuff; and, Trillus Smith was left laying in the middle of the floor; a photograph was taken (See Exhibit "A" attached to this Complaint); that the cell was secured. Officer Orlando Newburn, Officer Antonio Waters, Officer Samoan Watkins, and Officer Seth McKanna were present during some and/or all of the February 8, 2017, incident.

29. That on February 12, 2017, at approximately 10:15 p. m., the Deceased, Trillus Smith, was hand-cuffed, and, then helped into a wheelchair by holding her arms; that the Deceased, Trillus Smith, was wheeled to the shower for a bath; That Lieutenant Sims had requested a medical be on the scene due to the Decedent, Trillus Smith, being in a diminished capacity from not eating or drinking prior to February 12, 2017, from not eating and/or drinking; that the shower this time took place behind the deputy's station; that Trillus Smith was returned to her cell, and, was checked by Nurse Humphrey; that the Deceased, Trillus Smith, was cleared to remain in the facility; Deputies M. Green, Escamilla and Nurse Humphrey assisted the Deceased, Trillus Smith, in getting on her bunk; that Trillus Smith was covered with a clean suicide gown; and, the handcuffs on Trillus Smith were then removed.

30.    That at on or about 8:45 p. m., on February 13, 2017,   Deputy V. Clark contacted Sergeant McKanna in reference to the Deceased, Trillus Smith, not eating or drinking the past two (2) days; that the Deceased, Trillus Smith, was extremely weak with no strength to sit up on her on; that Sergeant Scott and Sergeant Waters entered the Trillus Smith's cell to observe Trillus Smith; that at 11:20 p. m., Charge Nurse Tillman, Sergeant Waters, Sergeant Scott, and, Sergeant McKanna entered Trillus Smith's cell; Trillus Smith was assessed by medical personnel, and, cleared to remain in the unit; .

31.    That on or about February 14, 2017, Trillus Smith continued to worsen physically to the point that she was not responsive to jail personnel, but the the Pulaski County Jail personnel and/or personnel from Turn Key Health Clinics, LLC, did not make a decision and/or make a request to any of the Defendants named as Defendants in this lawsuit to carry the Deceased, Trillus Smith, to the Arkansas State Hospital and/or any other medical facility for physical care and more intensive mental and/or physical health treatment.

32.    That on or about February 15, 2017, Geary Ryan entered Trillus Smith's cell and found her dead, and, from the time Trillus Smith entered the Pulaski County jail on February 2, 2017, until February 15, 2017, no one with the Pulaski County Sheriff's Department and/or Turn-Key Health Clinics, LLC, made a decision and/or make a request to any of the Defendants named as Defendants in this lawsuit to carry the Deceased, Trillus Smith, to the Arkansas State Hospital and/or any other medical facility for physical care and more intensive mental and/or physical health treatment.

33.    That the Defendants did an investigation and sent the deceased, Trillus Smith's, body to the State Medical Examiner's Office for cause and manner of death with the State Crime Lab concluding that the Deceased, Trillus Smith, died of "natural causes" although no one with the Pulaski County Sheriff's Department and/or Turn Key Health Clinics, LLC, made  a decision and/or make a

request to any of the Defendants named as Defendants in this lawsuit to carry the Deceased, Trillus Smith, to the Arkansas State Hospital and/or any other medical facility for physical care and more intensive mental and/or physical health treatment during her incarceration in the Pulaski County Sheriff's jail and/or detention center.

34.     That the Defendant, Trillus Smith, was incarcerated "allegedly" because she stabbed a police officer at one of the local hospitals; that after the Defendant, Trillus Smith, "allegedly" stabbed a fellow law enforcement person of the Pulaski County Sheriff's Office, the Defendant, Trillus Smith, was purposely and intentionally mistreated and ignored in the Pulaski County jail; that the Defendant, Trillus Smith, was pepper sprayed continuously while incarcerated; that the Deceased, Trillus Smith, was physically abused; that the Deceased, Trillus Smith, was denied adequate medical treatment; that the Defendant, Trillus Smith, was allowed to literally "starve to death" before the eyes of the law enforcement personnel and medical personnel who were detaining her, and, in the care and custody of the Defendants who were detaining the Deceased, Trillus Smith.

35.     That Defendants are jointly and/or severally liable for the death of the Deceased, Trillus Smith; that the Defendants, jointly and/or severally, acted deliberately indifferent to the serious physical and/or mental needs of the Decedent, Trillus Smith, ultimately causing the death of the Deceased, Trillus

Smith due to the lack of adequate and necessary medical and/or mental treatment; that the Defendants, jointly and/or severally, failed to prepare and install adequate measures and procedures to assure that the medical and/or mental health of all the inmates of the Pulaski County Jail were properly cared for thereby preventing deaths and/or suicides in the Pulaski County Jail; that the Defendant, jointly and/or severally, breached their duty and continues to breach their duty to the Deceased, Trillus Smith, and/or other inmates and detainees at the Pulaski County Jail.

36.     That the actions and/or lack of actions by the individuals who had direct contact with the Deceased, Trillus Smith, should be imputed to the supervisors and/or responsible person for the actions of the individuals who treated the Deceased, Trillus Smith, in the unit of the Pulaski County Jail and/or Detention Center, and, those individuals are listed in this Complaint as John and/or Jane Doe 1, John and/or Jane Doe 2, and, John and/or Jane Doe 3.

37.     That the Plaintiffs reserve the right to amend their Complaint after discovery.

38.     That the amount in controversy is and the Plaintiffs seek recovery in an amount that is in excess of the amount required for federal court jurisdiction in diversity of citizenship cases.

39.     That the acts of the Defendants in depriving Trillus Smith, Deceased, of her constitutional rights were done with reckless and/or deliberate indifference,

including gross negligence, which makes an award of punitive damages applicable in this case.

40.     That John and/or Jane Does 1, 2, and 3 are unknown at the present time, and, this Complaint will be amended at the appropriate time.

41.     That the Plaintiffs have previously requested that the Pulaski County Jail preserve any and all evidence, and, the Plaintiffs hereby request that Turn Key Health Clinics, LLC, preserve any and all evidence which may possibly be used by the Plaintiffs in pursuing their claim in Court.

WHEREFORE, the Plaintiffs, Mozella Price, individually and in her official capacity as Administratrix of the Estate of Trillus Smith, Deceased, on behalf of Trillus Smith's Estate, herself, individually, and the beneficiaries of Trillus Smith, deceased; Tryten Tillman, individually and as the brother of Trillus Smith; Trannetta Lemay, individually and as the sister of Trillus Smith, Treylon Lemay, a minor, by and through his Mother and Guardian, Mozella Price, individually and as the brother of Trillus Smith, pray for Judgments, jointly and/or severally against the Defendants, equal to the damages the each of them and the Estate of Trillus Smith has suffered; for mental anguish; for punitive damages; and other consequential damages; that the amount of recovery is greater than the amount required for federal court jurisdiction in diversity of citizenship cases; for a

declaratory Judgment; for the right to Amend their Complaint after discovery; for a

jury trial; for their costs; for a reasonable attorney's fee; and, for all other just and

proper relief that this Court may deem appropriate.

Simmons S. Smith
Attorney at Law
State Bar No. 76119
2420 S. Broadway St.
Little Rock, AR 72206
(501) 375-3993