IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MOZELLA PRICE, ET AL.                                    PLAINTIFFS

v.                              Case No. 4:19-cv-200-JM

CHARLES "DOC" HOLLADAY,
ET AL.                                                   DEFENDANTS

## TURN KEY'S MOTION FOR SUMMARY JUDGMENT

Comes Separate Defendant, Turn Key Health Clinics, LLC, ("Turn Key") by and through

its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, PLLC, and for its Motion for

Summary Judgment (the "Motion"), states as follows:

1.      Turn Key nurses cared for decedent repeatedly from February 3, 2017 to February

14, 2017. (Statement of Facts, ¶¶ 1-26).

2.      Turn Key Nurses repeatedly decontaminated decedent's eyes after she was OC

sprayed. (Statement of Facts, ¶¶ 5, 8, 9).

3.      Turn Key Nurses provided her water and nourishment. (Statement of Facts, ¶¶ 10,

12, 15, 20).

4.      Turn Key Nurses monitored her vital signs. (Statement of Facts, ¶¶ 3, 5, 6, 7, 10,

11, 13, 18, 19, 21, 22, 23, 25).

5.      Turn Key Nurses communicated and reported conditions to Dr. Thompson, who

also came to care for decedent. (Statement of Facts, ¶¶ 15, 17, 22).

6.      Ultimately, Trillus Smith died of natural causes. (Doc. 2).

7.      Turn Key nurses do not diagnose medical conditions, rather they follow the orders

of a doctor. Turn Key nurses cannot order a medical treatment, and do not have authority to

order an inmate to be transferred to another medical care provider or facility.

8.      Plaintiff has identified no Turn Key policy, custom, or practice that shows

deliberate indifference.

9.      Plaintiff filed the Complaint in this case over a year ago. (Doc. 2). Plaintiff had every opportunity to conduct discovery in this case. However, the discovery period is now closed and the Court rejected the Plaintiff's request for more time to conduct discovery.

10.     Plaintiff lacks the requisite proof, as required by Arkansas and Federal law, to survive summary judgment on either her 42 U.S.C. § 1983 claims, or her claims for negligence under the Arkansas Medical Malpractice Act.

11.     A separate statement of undisputed facts, pursuant to Local Rule 56.1, is filed contemporaneously herewith. Pursuant to Federal Rule of Civil Procedure 10(c) Turn Key adopts and incorporates by reference herein all statements of facts made in its separately filed statement of undisputed facts, pursuant to Local Rule 56.1.

12.     A separate brief in support of this motion, pursuant to Local Rule 7.2, is filed contemporaneously herewith. Pursuant to Federal Rule of Civil Procedure 10(c) Turn Key adopts and incorporates by reference herein the content of this brief.

WHEREFORE, Separate Defendant Turn Key Health Clinics, LLC, ("Turn Key") respectfully requests that this Court grant its motion for summary judgment, enter judgment in favor of Turn Key and against Plaintiff, and for all other relief to which it is entitled.

<div style="margin-left:40%;">

Benjamin D. Jackson, Ark. Bar No. 2006204
Devin R. Bates, Ark. Bar No. 2016184
**MITCHELL, WILLIAMS, SELIG,**
**GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas  72201-3525
(501) 688-8896 phone
(501) 918-7896 fax
bjackson@mwlaw.com
dbates@mwlaw.com

*Attorneys for Turn Key Health Clinics, LLC*

</div>